UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ELIZABETH MORALES,

                       Plaintiff,

-against-

JEFFREY SCHILLER,

                       Defendant.
---------------------------------------------------------------X

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff ELIZABETH MORALES, by and through her attorneys, alleges upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff ELIZABETH MORALES ("Plaintiff") brings this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action to remedy violations of the New York State Labor Law ("NYLL"), including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq., and 12 NYCRR §§ 142-2.2, 142-2.4. Plaintiff seeks declaratory and injunctive relief, unpaid overtime, interest, attorneys' fees, liquidated damages and all other appropriate legal and equitable relief, pursuant to the NYLL.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

4. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391, because Defendant does business in, and accordingly reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff Elizabeth Morales resides in the County of Richmond in the State of New York.

7. Defendant JEFFREY SCHILLER ("Defendant") is a cosmetic and reconstructive surgeon with his principal place of business located at 1550 Richmond Avenue, Suite 208, Staten Island, New York 10314.

8. Defendant had and exercised the power to hire, fire, and control the wages and working conditions of the Plaintiff.

9. At all relevant times, Defendant was, and continue to be, an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of the FLSA, 29 U.S.C. § 203, and the NYLL.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, Defendant owned and operated a medical practice specializing in facial reconstructions and oculoplastic surgeries at two different locations, one in Staten Island, New York and one in Edison, New Jersey.

11. Defendant employed Plaintiff from on or about July 13, 2009 until on or about November 1, 2016.

12. Throughout her employment with Defendant, Plaintiff was employed as a "Front Desk Associate".

13. Plaintiff's duties as a Front Desk Associate included inputting calls, monitoring calls, answering calls, billing and filing and monitoring the fax machine. The vast majority of her days were spent answering phone calls and engaging in customer service work. Plaintiff also performed data entry and other clerical duties and tasks, all as directed by Defendants.

14. In addition to her Front Desk Associate duties, from 2011 until her termination on or about November 1, 2016, Defendant employed Plaintiff to clean Defendant's office for approximately three (3) hours each Thursday.

15. Plaintiff's duties for her cleaning work included sweeping, mopping, disinfecting, garbage collection and removal, and various other cleaning activities.

16. Throughout her employment with Defendant, Plaintiff worked from Monday to Friday each week.

17. With the exception of a brief period in 2015 when she worked between forty-three (43) and forty-four (44) hours per week, throughout her employment with Defendant, Plaintiff regularly worked at least forty-five (45) hours each week.

18. While Plaintiff's shift for her work as a Front Desk Associate was supposed to start at 9:00 A.M., she regularly arrived at work and started working from between 8:20 and 8:40 A.M.

19. Plaintiff often stayed past the end of her usual scheduled shift end time of 5:00 PM (except on Fridays when she was scheduled to end at 4:00 PM) and often worked until 6:00 PM or later.

20. On Tuesdays, Defendant's office stayed open late and Plaintiff was only scheduled to leave at 6:00 P.M. On those days Plaintiff worked until 6:00 PM or later.

21. On Mondays and Wednesdays, Plaintiff was often assigned to, and spent extra time travelling to and from, Defendant's office in Edison, New Jersey.

22. Throughout her employment with Defendants, Plaintiff worked through her lunch/meal breaks and was not allowed to take uninterrupted meal breaks of at least 30 minutes each day. Defendant required Plaintiff to sit at her workstation and eat lunch while answering phone calls.

23. Plaintiff performed cleaning work on Thursdays before her Front Desk Associate shift began, from 7:30 A.M. to 9:00 A.M.

24. Plaintiff also performed cleaning work on Thursdays after her Front Desk Associate shift ended, from 5:00 to 6:30 P.M., approximately.

25. For the majority of her employment with Defendant, Plaintiff was paid for her work as a Front Desk Associate at an hourly rate of $16 per hour.

26. Plaintiff was paid for her cleaning work at a rate of $315 per month, or at an hourly rate of $25 per hour.

27. Plaintiff was only paid for between thirty eight (38) and forty (40) hours per week, and she was not paid for much of her pre-shift and post-shift work.

28. Plaintiff was not an exempt employee under the FLSA and the NYLL and was entitled to be paid overtime for all hours worked in excess of 40 per week.

29. Defendant failed to pay Plaintiff at the rate of one and one half times her regular hourly wage for all hours worked in excess of forty in a workweek.

30. Upon information and belief, Defendant never counted cleaning activities in calculating the total hours worked per week for overtime purposes. As a result, Plaintiff was not compensated for overtime at a rate of one and one half times her hourly rate of pay for all of the hours that Plaintiff worked in excess of forty hours in a workweek.

31. Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid overtime premiums for all hours worked in excess of 40 hours in a week. Upon information and belief, Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiff, and that Defendants' pay practices violated the FLSA and the NYLL.

32. Defendant failed to keep accurate and sufficient time records as required by Federal and State laws.

33. Defendant failed to provide Plaintiff with the notices required by NYLL §195(1).

34. Defendant violated NYLL § 195(3) by failing to furnish the Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

35. Defendant violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

36. At all relevant times, Defendant failed to post and/or keep posted a notice explaining the overtime pay rights provided by the FLSA, in violation of 29 C.F.R.§ 516.4.

37. At all relevant times, Defendant failed to post and/or keep posted "a notice issued by the Department of Labor summarizing minimum wage provisions", in violation of 12 N.Y.C.R.R. §142-2.8.

38. At all relevant times, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. Defendant's record keeping and notice violations prevented Plaintiff from knowing her legal rights and from figuring out exactly how many hours she was not compensated for.

40. Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid all of her wages, including overtime premiums for all hours worked in excess of 40 hours in a week. Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiff, and that such practices violated the FLSA and the NYLL.

41. Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime - FLSA)

42. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

43. Throughout the statute of limitations period covered by these claims, and prior thereto, Plaintiff regularly worked in excess of forty (40) hours per week.

44. Plaintiff was entitled to be paid at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) each week.

45. At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff the required overtime rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

46. Plaintiff seeks damages in the amount of her respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Overtime – NYLL)**

47. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

48. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

49. At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff at the required overtime rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

50. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF

**(Notice Violations & Record Keeping & Wage Statement Violations – NYLL §195)**

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendant has willfully failed to supply Plaintiff with notice as required by NYLL § 195, in English or in the language identified by Plaintiff as her primary language, containing her rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

53. Defendant has willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate of pay and overtime rate of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

54. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant $250 for each workday that the § 195(3) violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d, and $100 dollars for each workday that the § 195(1) violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

(b) An award of unpaid overtime compensation due under the FLSA and the NYLL;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to the NYLL;

(e) Costs and expenses of this action, together with reasonable attorneys' fees;

(f) Pre-Judgment and post-judgment interest, as provided by law; and

(g) Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

DATED: January 26, 2017          Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES, LTD.

\_/s/ David Harrison_____
David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 791-9171 Fax
nycotlaw@gmail.com
*Attorneys for Plaintiff*

# EXHIBIT "A"

I am a current or former employee of JEFFREY SCHILLER MD and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

    I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 12 day of January, 2017.

_____
Signature

_____
Full Legal Name (print): Elizabeth Morales